UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael L. Seabrooke, | ) C/A No.  8:18-1066-BHH-KFM |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) **AND ORDER** |
| | ) |
| Pickens County Law Enforcement Center, | ) |
| Pickens County Solicitor's Office, | ) |
| Pickens County Jail, | ) |
| Rita Burgess, | ) |
| K. Leopard, | ) |
| Charles Way, | ) |
| Baker Cleveland, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the court for a review of the plaintiff's amended complaint (doc. 20).  The plaintiff, Michael L. Seabrooke, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983.  The plaintiff is a pretrial detainee at the Pickens County jail and alleges violations of his constitutional rights (doc. 20 at 2).  Pursuant to the provisions of Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(d)(D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the district court.

**Procedural Background**

The plaintiff filed his initial complaint here on April 18, 2018.  The undersigned issued an Order on April 24, 2018, directing the plaintiff to bring his case into proper form by (1) paying the filing fee or returning an *in forma pauperis* application; (2) completing and returning a summons for each named defendant; (3) completing and returning service

forms for each defendant; and (4) completing and returning a more detailed complaint.  The

necessary forms were provided by the court (doc. 6).  On May 9, 2018, the plaintiff returned

the IFP application and a single summons naming two defendants (docs. 9, 10).  On May

16, 2018, the undersigned issued another Order, directing the plaintiff to respond regarding

whom he intended to name as defendants (doc. 12).  The plaintiff responded on May 23,

2018, that he also intended to name two other defendants (doc. 15).  On June 8, 2018, the

court issued an Order advising that the plaintiff's complaint failed to state a claim for which

relief could be granted and was subject to dismissal.  The plaintiff was given an opportunity

to file an amended complaint to cure the identified deficiencies, along with all appropriate

service documents (doc. 17).  On June 20, 2018, the plaintiff filed his amended complaint

but did not file any service documents for all of the defendants he identified (doc. 20).

### Allegations

In the amended complaint, the plaintiff names as defendants the Pickens

County Law Enforcement Center ("PCLEC"), the Pickens County Solicitor's Office, the

Pickens County Jail, Investigator Rita Burgess with the Pickens County Sheriff's

Department,[1] Lt. K. Leopard at the Pickens County Jail, Dr. Charles Way at the Pickens

County Jail, and Baker Cleveland who he indicates is a solicitor in the Pickens County

Solicitor's Office.  He sues each defendant in their official capacity (*Id.* at 1-3).

Liberally construed, the plaintiff's amended complaint raises claims regarding

the investigation and prosecution of criminal charges against him, and his confinement in

---

[1] The undersigned construes the allegations regarding the PCLEC and the Pickens County Sheriff's Department as the being the same entity.  Hereinafter, all references to the Pickens County Sheriff's Department will be attributed to the PCLEC.

the Pickens County Jail from October 2017 to the present.  As to the Jail, the plaintiff alleges that under the authority of Lt. Leopard, he was denied access to legal material and video evidence pertaining to his case; that a lynch mob controlled the jail; that he was made to sleep on the floor; that black mold was not removed; that he was denied medical treatment; and that his grievances went unprocessed. (doc. 20-1 at 1-2).  As to the PCLEC, he alleges that Inv. Burgess "used double jeopardy on my warnts (sic), denied 911 calls, Body cameras which are evidence in violation of his constitutional rights, state and federal laws. " (*Id.* at 1-2).  As for the Solicitor's Office and prosecutor Cleveland, the plaintiff alleges they "denied me evidence, harassed me, went against a court order and used prosecutor misconduct" in violation of his constitutional rights, state, and federal laws.  (*Id.* at 1).  Finally, as to Dr. Way, the plaintiff generally states that "Dr. Way did refuse to give me medical treatment" (doc. 20-1 at 2).  The plaintiff seeks monetary damages for stress, anxiety, sleep depravation, and pain and suffering (doc. 20-1 at 3).

### Standard of Review

Pursuant to the provisions of 28 § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d)(D.S.C.), this magistrate judge is authorized to review the complaint for relief and submit findings and recommendations to the district court.  The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis statute*.  This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

The amended complaint is filed pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### Dismissal of PCLEC, the Jail, and the Solicitor's Office

The amended complaint names as defendants the PCLEC, the Jail, and the Solicitor's Office. However, there are no specific allegations raised against these entities, but rather certain individuals within them. In any event, none of these named defendants is a "person" subject to suit under § 1983. It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person." Sheriffs' Departments and other such offices, as well as groups of people, are not persons subject to suit for purposes § 1983. *See Harden v. Green*, 27 Fed.Appx. 173, 178 (4th Cir.

4

2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a detention center, as a building, is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131, 1133 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute). Accordingly, as the PCLEC, the Jail, and the Solicitor's Office are not subject to suit under § 1983 and should be dismissed.

### Eleventh Amendment Immunity

Inv. Burgess, Lt. Leopard, and Dr. Way, as employees of the PCLEC and the Jail, are entitled to Eleventh Amendment immunity from a suit for monetary damages in their official capacities. The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429(1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Sheriffs' Departments in South Carolina are state agencies, and sheriffs and their deputies are state employees. *See Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010).

5

Accordingly, as "arms of the state," Inv. Burgess, Lt. Leopard, and Dr. Way are immune from suit in heir official capacities. *Will*, 491 U.S. at 70-71. Further, as to Inv. Burgess, the plaintiff's amended complaint cannot be read to suggest any actions undertaken in her individual capacity, but only in her official capacity. Accordingly, the plaintiff has failed to state a claim against her in any event.

**Prosecutorial Immunity**

To the extent the plaintiff seeks monetary damages against defendant Cleveland for his actions in his role as a prosecutor, the plaintiff's claims are subject to dismissal under the well-established legal doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C.Code Ann, § 1–7–310. Absolute immunity ". . . is available for conduct of prosecutors that is 'intimately associated with the judicial phase of the criminal process.'" *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (citing *Imbler v. Pachtman*, 424 U.S. 409,(1976)). As such, the plaintiff's claims against Cleveland should be dismissed.

**Lt. Leopard and Dr. Way**

Construing the plaintiff's amended complaint liberally, the plaintiff has alleged sufficient factual allegations to state a claim for Lt. Leopard and Dr. Way in their individual capacities. However, the plaintiff has failed to return properly completed summonses and service documents against these defendants. By separate order filed contemporaneously, he court will provide one final opportunity for the plaintiff to bring this case into proper form as to Lt. Leopard and Dr. Way. Accordingly, the case will continue against these

6

defendants at this time.

## Recommendation and Order

By order issued June 8, 2018, the undersigned gave the plaintiff an opportunity to correct the defects identified in his complaint and further warned the plaintiff that if he failed to file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed *with prejudice* and without leave for further amendment.  As discussed herein, the plaintiff's amended complaint fails to correct the identified deficiencies and, like the original complaint, fails to state a claim upon which relief can be granted against all of the defendants except for Lt. Leopard and Dr. Way.  Accordingly, **IT IS RECOMMENDED** that the district court dismiss this action *with prejudice* and without issuance and service of process at to Pickens County Law Enforcement Center, Pickens County Jail, Pickens County Solicitor's Office, Rita Burgess, and Baker Cleveland. *See Workman v. Morrison Healthcare*, No. 17-7621 (4th Cir. June 4, 2018), http://www.ca4.uscourts.gov/dailyopinions/opinions060418.htm (stating that district court should, "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order.").  **IT IS ORDERED** that the case will continue as to defendants K. Leopard and Charles Way at this time.

June 29, 2018                                      Kevin F. McDonald
Greenville, South Carolina                 United States Magistrate Judge

**The plaintiff's attention is directed to the important notice of the following page.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a),(d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

8