IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Michael L. Seabrooke, )
)
    Plaintiff, )
) Civil Action No. 8:18-1066-BHH
v. )
)
Pickens County Law Enforcement ) **ORDER**
Center, Pickens County Solicitor's )
Office, Pickens County Jail, Rita )
Burgess, K. Leopard, Charles Way, )
and Baker Cleveland, )
)
    Defendants. )
_____)

This matter is before the Court upon Plaintiff Michael L. Seabrooke's pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff, who is a pretrial detainee at Pickens County Jail, alleges violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On June 29, 2018, Magistrate Judge Kevin F. McDonald issued a report and recommendation ("Report") outlining Plaintiff's claims and noting that although the Court gave Plaintiff the opportunity to correct certain defects in his complaint, the amended complaint fails to correct the identified deficiencies and fails to state a claim against all of the Defendants aside from Defendants K. Leopard and Charles Way. Accordingly, the Magistrate Judge's Report recommends that the Court dismiss Plaintiff's complaint with prejudice and without issuance and service of process as to Defendants Pickens County Law Enforcement Center, Pickens County Jail, Pickens County Solicitor's Office, Rita Burgess, and Baker Cleveland. The Report further recommends that the case continue as

to Defendants K. Leopard and Charles Way. Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's recommendations. Therefore, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 23) and dismisses Plaintiff's complaint with prejudice and without issuance and service of process as to Defendants Pickens County Law Enforcement Center, Pickens County Jail, Pickens County Solicitor's Office, Rita Burgess, and Baker Cleveland. The case shall continue as to Defendants K. Leopard and Charles Way.

**IT IS SO ORDERED.**

                                          /s/Bruce H. Hendricks
                                          The Honorable Bruce Howe Hendricks
                                          United States District Judge

July 24, 2018
Charleston, South Carolina